IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INFINITY,

    Plaintiff,                    No. 2:08-cv-3054 JAM JFM PS

    vs.

STATE OF CALIFORNIA
FRANCHISE TAX BOARD,

    Defendant.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff Infinity, a nonprofit religious corporation presently suspended[1] by the California Secretary of State, has filed a civil rights complaint. However, it appears that "Infinity" is also a person incarcerated in state prison. Plaintiff contends that his church was suspended by the California Secretary of State without notice to him.

        Parties are allowed "to plead and conduct their own cases personally" in all courts of the United States. 28 U.S.C. § 1654 (1994). The privilege to conduct one's own case is, however, limited to claims of that party, and that individual has no authority to appear for persons other than himself. <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir.1966).

---

[1] The corporation was suspended pursuant to Cal. Corp. Code § 2205 for its failure to file an Information Statement as required by Cal. Corp. Code § 1502.

1

1
2
3
4
>'Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney. It cannot appear by an officer of the corporation who is not an attorney, and may not even file a complaint except by an attorney, whose authority to appear is presumed; in other words, a corporation cannot appear in propria persona.

5   Laskowitz v. Shellenberger, 107 F.Supp. 397 (S.D. Cal. 1952)(citation omitted).  A corporation

6   or other entity may appear only by an attorney.  Local Rule 83-183(a).

7       Because this action has been brought by a corporation, the request to proceed in

8   forma pauperis will be denied.

9       In any event, it appears the corporation Infinity lacks standing to bring suit in

10  federal court because it is presently suspended.  A suspended California corporation may not

11  bring suit, defend action brought against it, or appeal from adverse decision.  Signal Data

12  Processing, Inc. v. The Rex Humbard Found., Inc., 99 Ohio App.3d 646, 651 N.E.2d 498

13  (1994);[2] see also Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304 (Fed. Cir. 2003)(in

14  patent infringement action, corporation was administratively dissolved under Florida law for

15  failing to file an annual report at time action filed in federal court; thus, corporation lacked

16  standing to bring federal court action).  Corporations that have been suspended for failing to file

17  the requisite information statement are disabled from participating in litigation activities.

18  Leasequip, Inc. v. Dapeer, 126 Cal.Rptr. 2d 782, 103 Cal.App.4th 394 (App. 2 Dist. 2002).[3]

---

[2] Only if suspended California corporation cures the deficiency which triggered its suspension are its legal rights revived.  Id.

[3] But see Cal. Corp. Code § 2205(d):
A statement pursuant to Section 1502 may be filed notwithstanding suspension of the corporate powers, rights, and privileges pursuant to this section or Section 23301, 23301.5, or 23775 of the Revenue and Taxation Code. Upon the filing of a statement pursuant to Section 1502 by a corporation that has suffered suspension pursuant to this section, the Secretary of State shall certify that fact to the Franchise Tax Board and the corporation may thereupon be relieved from suspension unless the corporation is held in suspension by the Franchise Tax Board by reason of Section 23301, 23301.5, or 23775 of the Revenue and Taxation Code.
Id.

1       Because plaintiff cannot amend to rectify these defects, this court will recommend that this action be dismissed without prejudice.

      Accordingly, IT IS HEREBY RECOMMENDED that:

    1. Plaintiff's request to proceed in forma pauperis be denied; and

    2. This action be dismissed without prejudice.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 14, 2009.

                             UNITED STATES MAGISTRATE JUDGE

/001; infinity.fr