IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INFINITY,

    Plaintiff,                      No. 2:08-cv-3054 JAM JFM PS

    vs.

STATE OF CALIFORNIA
FRANCHISE TAX BOARD,            <u>ORDER AND</u>

    Defendant.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding pro se. On January 15, 2009, findings and recommendations issued recommending that plaintiff's request to proceed in forma pauperis be denied and that plaintiff's complaint be dismissed without prejudice. On February 5, 2009, plaintiff filed an amended complaint. In the amended complaint, plaintiff clarifies that Infinity is not a corporation; that Infinity is the registered agent for service of process for the nonprofit religious corporation "The Church of God: The Omnipotent and Omniscient and Omnipresent Love." (<u>Id.</u> at 20.) Plaintiff also renewed his request to proceed in forma pauperis.

        Good cause appearing the January 15, 2009 findings and recommendations will be vacated and the court will address plaintiff's most recent filings.

/////

1

1   Parties are allowed "to plead and conduct their own cases personally" in all courts
2   of the United States.  28 U.S.C. § 1654 (1994).  The privilege to conduct one's own case is,
3   however, limited to claims of that party, and that individual has no authority to appear for
4   persons other than himself.  <u>McShane v. United States</u>, 366 F.2d 286, 288 (9th Cir.1966).

> 'Since a corporation cannot practice law, and can only act through
> the agency of natural persons, it follows that it can appear in court
> on its own behalf only through a licensed attorney. It cannot appear
> by an officer of the corporation who is not an attorney, and may not
> even file a complaint except by an attorney, whose authority to
> appear is presumed; in other words, a corporation cannot appear in
> propria persona.

<u>Laskowitz v. Shellenberger</u>, 107 F.Supp. 397 (S.D. Cal. 1952)(citation omitted).  A corporation
or other entity may appear only by an attorney.  Local Rule 83-183(a).

Because this action has been brought by a corporation, the renewed request to
proceed in forma pauperis will be denied.

Moreover, the instant complaint must be dismissed without leave to amend
because this court lacks subject matter jurisdiction over this dispute.

Federal courts are courts of limited jurisdiction and lack inherent or general
subject matter jurisdiction.  Federal courts can adjudicate only those cases in which the United
States Constitution and Congress authorize them to adjudicate.  <u>Kokkonen v. Guardian Life Ins.
Co.</u>, 511 U.S. 375, 380-81, 114 S.Ct. 1673, 1677 (1994); <u>Finley v. United States</u>, 490 U.S. 545,
551-52, 109 S.Ct. 2003, 2008 (1989).  Plaintiff bears the burden to demonstrate subject matter
jurisdiction exists.  <u>Kokkoken</u>, 511 U.S. at 377.  Lack of subject matter jurisdiction is not waived
and may be raised by the court sua sponte.  <u>Attorneys Trust v. Videotape Computer Products,
Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996).

A complaint filed in federal court must contain a "short and plain statement of the
grounds for the court's [subject matter] jurisdiction. . . ."  Fed. R. Civ. P. 8(a)(1); <u>Century
Southwest Cable Television, Inc. v. CIIF Associates</u>, 33 F.3d 1068, 1071 (9th Cir. 1994).

/////

Plaintiff Infinity has failed to set forth the basis of jurisdiction for this action. The amended complaint is titled "Civil Rights Complaint pursuant to Title 28, U.S.C. § 2201, Declaratory Judgment Under the California Public Records Act. . . ." (Id.) However, he attempts to enforce provisions of the California Government Code by seeking a copy of the "Certificate of Suspension" issued by the Franchise Tax Board. Plaintiff's effort to obtain a document from the Franchise Tax Board does not state a cognizable civil rights claim and does not provide a proper basis for this court's jurisdiction. Accordingly, plaintiff's amended complaint should be dismissed without leave to amend inasmuch as this court lacks subject matter jurisdiction and the complaint fails to allege a cognizable civil rights claim.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The January 15, 2009 findings and recommendations are vacated; and

2. Plaintiff's motion for leave to proceed in forma pauperis (#9) is denied;

IT IS RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////

/////

---

[1] The corporation also lacks standing to bring suit in federal court because it is presently suspended. A suspended California corporation may not bring suit, defend action brought against it, or appeal from adverse decision. Signal Data Processing, Inc. v. The Rex Humbard Found., Inc., 99 Ohio App.3d 646, 651 N.E.2d 498 (1994); see also Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304 (Fed. Cir. 2003)(in patent infringement action, corporation was administratively dissolved under Florida law for failing to file an annual report at time action filed in federal court; thus, corporation lacked standing to bring federal court action). Corporations that have been suspended for failing to file the requisite information statement are disabled from participating in litigation activities. Leasequip, Inc. v. Dapeer, 126 Cal.Rptr. 2d 782, 103 Cal.App.4th 394 (App. 2 Dist. 2002).

1 | specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
2 | F.2d 1153 (9th Cir. 1991).
3 | DATED: February 18, 2009.

                                     UNITED STATES MAGISTRATE JUDGE

8 | /001; infinity.fr2

4